# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEITH T. MITCHELL, ) | |
| ) | |
| Petitioner, ) | No. 07 C 153 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| AUSTIN RANDOLPH,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Keith Mitchell, seeks a writ of *habeas corpus* against the Illinois River Correctional Center Warden, Austin Randolph, pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's Motion to Dismiss.

## BACKGROUND

On May 8, 1998, following a jury trial in the Circuit Court of DuPage County, Illinois, Petitioner was convicted of four counts of armed robbery, one count of aggravated battery with a firearm, and three counts of home invasion. On September 23, 1998, the trial court sentenced Petitioner to 14 years' imprisonment for the aggravated battery with a firearm conviction, consecutive to a term of ten years' imprisonment for one of Petitioner's home invasion convictions. On the same day, the trial court also sentenced Petitioner to two concurrent terms of ten years' imprisonment for an armed robbery conviction and a second home invasion conviction. Petitioner's remaining convictions were then merged for sentencing purposes, for a total imprisonment term of 22 years.

---

[1] Austin Randolph is presently the Warden of the Illinois River Correctional Center and is substituted for respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

Petitioner appealed his conviction and sentence to the Illinois Appellate Court, Second District; and on April 26, 2000, the state appellate court affirmed the trial court's ruling. Then on June 9, 2000, Petitioner filed a *pro se* petition for leave to appeal ("PLA") in the Illinois Supreme Court. On October 4, 2000, the Illinois Supreme Court denied Petitioner's PLA.

On January 1, 2001, Petitioner filed, in the state trial court, a *pro se* petition for post-conviction relief. On October 18, 2001, Petitioner, through counsel, filed an amended *pro se* petition. The state trial court dismissed Petitioner's post-conviction petition on February 22, 2002. Petitioner then appealed the post-conviction trial court's judgment to the Illinois Appellate Court, Second District. On July 21, 2003, the Illinois Appellate Court affirmed the judgment dismissing the post-conviction petition.

On August 21, 2003, Petitioner filed a PLA in the Illinois Supreme Court, which the court denied on December 3, 2003. On January 4, 2004, Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court. The Supreme Court denied *certiorari* on April 19, 2004.

On May 18, 2004, Petitioner filed a successive petition for post-conviction relief in the Circuit Court of DuPage County. On August 5, 2004, the state post-conviction trial court summarily dismissed the petition for failure to comply with 725 ILCS 5/122-1(f), which regulates the filing of successive petitions for post-conviction relief. Petitioner appealed the trial court's judgment to the Illinois Appellate Court, Second District.

The public defender was appointed to represent Petitioner in his appeal; and on August 23, 2005, the public defender filed a motion under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), to withdraw as counsel on appeal. On December 1, 2005, the Illinois Appellate Court granted appointed counsel's motion and affirmed the trial court's judgment dismissing

Petitioner's successive post-conviction petition. On January 10, 2006, Petitioner filed a PLA in the Illinois Supreme Court, which was denied on March 29, 2006.

The instant petition for a writ of *habeas corpus* was signed and filed by Petitioner in this Court on January 3, 2007, raising 13 claims. Petitioner is currently incarcerated at the Illinois River Correctional Center in Canton, Illinois.

## ANALYSIS

The Respondent seeks to dismiss Petitioner's Petition for Writ of *Habeas Corpus* on the grounds that it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitations shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on January 2, 2001, 90 days after the Illinois Supreme Court denied Petitioner's PLA, when Petitioner's time to file a petition for writ of *certiorari* in the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). Therefore, Petitioner's federal *habeas petition* was due on or before January 2, 2002.

3

However, under Section 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for post-conviction relief. 28 U.S.C. § 2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). Petitioner filed his first post-conviction petition on January 1, 2001, one day before his conviction became final; therefore, no time on AEDPA's limitations period elapsed. The Illinois Supreme Court denied Petitioner's PLA on December 3, 2003 and accordingly, Petitioner's one-year clock began to run on December 4, 2003.

On May 18, 2004, the Petitioner filed a successive petition for post-conviction relief after 166 days had lapsed on the AEDPA's statute of limitations. As the Petitioner failed to obtain leave of court in accordance with 725 ILCS 5/122-1(f) and did not demonstrate cause and prejudice, Petitioner's successive petition for post-conviction relief was not "properly filed." Accordingly, another 619 days are properly counted against Petitioner's one-year clock from May 18 2004, when Petitioner filed his successive petition for post-conviction relief, until May 29, 2006, when the Illinois Supreme Court denied Petitioner's PLA. Petitioner did not file this instant federal *habeas* petition until January 3, 2007, another 279 days after the Illinois Supreme Court denied Petitioner's PLA. During that period, Petitioner did not have a properly filed application for state collateral relief pending; and the 279 days also counted against Petitioner's time to file this action. In sum, Petitioner's instant *habeas* petition was filed 1,064 days after his state conviction became final, well beyond the one-year statute of limitations.

In addition, Petitioner has not alleged that equitable tolling is warranted in accepting his petition. Equitable tolling occurs when, without fault on the part of the defendant, the plaintiff is unable to bring suit within the statutory period. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Although Petitioner impermissibly alleged equitable tolling in his reply brief, *see United*

*States v. Stevens*, 380 F.3d 1021, 1025 (7th Cir. 2004) (cannot raise a new argument in their reply brief), equitable tolling is not warranted.

Accordingly, Petitioner's present petition is untimely; and the Respondent's Motion to Dismiss is granted.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is granted. Petitioner's Petition for *Habeas Corpus* is dismissed with prejudice.

Dated: June 28, 2007

JOHN W. DARRAH
United States District Court Judge